UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:24-cr-236-VMC-SPF

GREGORY DAVIS

**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS**

The United States of America requests that, should defendant Gregory Davis be convicted of any or all of the offenses charged in Counts One through Eight of the Indictment, and should the defendant request a jury determination of the forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the following jury instructions be given during the court's charge at the separate Forfeiture hearing following the conviction of the defendant.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:    *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:24-cr-236-VMC-SPF

GREGORY DAVIS

**<u>SPECIAL JURY CHARGE</u>**

FORFEITURE

Members of the Jury:

Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant, Gregory Davis, should forfeit certain property to the United States as a part of the penalty for any or all of the crimes charged in Counts One through Eight of the Indictment.

In a portion of the Indictment and Bill of Particulars not previously discussed or disclosed to you, it is alleged that certain assets constitute or were derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Eight.

In view of your guilty verdict, you must also decide, under the law I will now explain to you, whether such assets should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by law for the commission of certain criminal offenses.

In deciding these issues, you should consider all of the evidence you have already heard during the trial plus the additional evidence that will be presented to you when I finish giving you these instructions.

The forfeiture allegations of the Indictment and Bill of Particulars, a copy of which will be provided to you for your consideration during supplemental deliberations, describe the following assets as subject to forfeiture:

a.   Approximately $237,525.66 in funds from Bank Account number 5211-9694, held in the name of Gregory Davis at Wells Fargo Advisors, Tallahassee, FL; and

b.   Approximately $23,150.50 in funds from Bank Account number 7699-8079, held in the name of Gregory Davis at Wells Fargo Advisors, Tallahassee, FL.

The Indictment alleges that certain assets are subject to forfeiture. In order to forfeit the property, the United States must prove, by a preponderance of the evidence, that the assets represent property that constitute or were derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Eight.

In order to forfeit the property identified above, the United States must prove, by a preponderance of the evidence, that the assets constitute or were derived from

proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Eight.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

To be "derived" from something means that the property under consideration must have been formed or developed out of the original source so as to be directly descended from that source.

To be "traceable" to something means that the property under consideration must have followed an ascertainable course or trail in successive stages of development or progress from the original source.

While deliberating concerning the issue of forfeiture, you must not reexamine your previous determination regarding the defendant's guilt. However, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.