UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

                                    CASE NO. 8:24-cr-236-VMC-SPF

v.

GREGORY DAVIS

_____/

## MOTION IN LIMINE TO PRECLUDE EVIDENCE INCLUDING PURSUANT TO F.R.E. 404(B) NOTICE

COMES NOW the Defendant, Gregory Davis, by and through undersigned counsel, and formally objects to the Government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b). The Government seeks to introduce certain evidence regarding uncharged conduct pursuant to a notice served on June 8, 2026, which is attached.

1.    The 404(b) Evidence:

Pursuant to the notice, the Government seeks to introduce highly prejudicial, uncharged conduct concerning two individuals, J.K. and D.W., whose transactions occurred months before the time period charged in the Indictment. The Court should exclude this evidence because it constitutes impermissible propensity evidence, fails to qualify as "inextricably

intertwined" direct evidence, and its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403.

> Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith. Fed.R.Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* For evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.

*United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir.2000)

> [E]vidence of criminal activity other than the charged offense is *not* "extrinsic" under Rule 404(b), and thus falls outside the scope of the Rule, when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."

*United States v. Baker,* 432 F.3d 1189, 1205 n. 9 (11th Cir.2005)(quoting *United States v. Veltmann,* 6 F.3d 1483, 1498 (11th Cir.1993)

2.      The Proposed Evidence is Outside the Scope of the Indictment

The Indictment strictly limits the charged conspiracy and substantive wire fraud counts to the time period "[b]eginning in or about June 2019, and continuing through on or about May 23, 2024". The Government concedes

that the transactions involving J.K. and D.W. occurred *prior* to the time period charged in the indictment. The defense's investigation confirms that J.K.'s investment occurred in November 2018, and D.W.'s investments occurred in January and February 2019. Allowing the Government to introduce voluminous financial records, communications, and agreements regarding these entirely separate, uncharged pre-indictment investments would amount to an impermissible variance or constructive amendment of the Indictment.

### 3. The Evidence is Not "Inextricably Intertwined"

The Government asserts that the pre-indictment transactions of J.K. and D.W. are "inextricably intertwined" with the charged offenses simply because the funds allegedly moved through interconnected accounts. The Government claims that D.D.'s June 2019 investment (which is charged) was used to almost immediately pay back J.K., and that D.W.'s pre-indictment funds were filtered through accounts and later transferred to refund J.K.. However, the Government can fully present the story of the alleged fraud against D.D. and the other charged victims without dragging in the separate solicitations, promises, and transactions involving J.K. and D.W.. The mere fact that funds were allegedly used to pay off prior uncharged individuals

does not make the underlying, uncharged conduct against those prior individuals **essential** to "complete the story" of the charged conspiracy.

### 4. The Evidence is Impermissible Propensity Evidence Under Rule 404(b)

The Government employs a shotgun approach, claiming the J.K. and D.W. transactions prove "motive... intent... plan... means and knowledge," and absence of mistake. This broad, boilerplate list is a transparent pretext for the true purpose of the evidence: to show the defendants' bad character and propensity to commit fraud. Rule 404(b)(1) strictly prohibits using evidence of other crimes or wrongs to prove a person's character in order to show they acted in accordance with that character. The Government argues that the defendants used the "same or very similar scheme" and the "same or similar tactics" with these uncharged individuals as they did with the charged victims. That logic is the exact definition of propensity evidence and must be excluded.

### 5. The Evidence Violates Rule 403

Even if the Court finds the pre-June 2019 transactions possess some marginal relevance under Rule 404(b), the evidence must be excluded under Rule 403. The Government intends to introduce "voluminous records of financial transactions, electronic communications, signed agreements, and

various other documents" related to these victims. Introducing millions in uncharged transactions involving D.W. and J.K. will inevitably confuse the jury, waste the Court's time, and create an extremely prejudicial mini-trial regarding uncharged conduct. The danger of unfair prejudice substantially outweighs any probative value, especially since the Government already has three other victims (D.D., J.D., and V.L.) whose transactions squarely fall within the indictment timeline.

6.      Evidence that Greg Davis is disbarred

The Defendant requests that This Court preclude any evidence regarding Mr. Davis's disbarred status. Mr. Davis was a licensed attorney and was disbarred by New York and Pennsylvania. Such evidence is improper character evidence, and its probative value is substantially outweighed by unfair prejudice under Rule 403. Furthermore it is irrelevant to a claim or defense and is irrelevant under Rule 401.

For the foregoing reasons, Defendant Davis respectfully requests that this Honorable Court deny the Government's request and exclude all evidence, testimony, and summary charts relating to the pre-indictment transactions of J.K. and D.W. The Defendant also requests that This Court grant the motion *in limine* regarding Mr. Davis's disbarred status.