UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 8:24-cr-236-VMC-SPF

JAMES ROBERTS and
GREGORY DAVIS

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
EVIDENCE UNDER FED. R. EVID. 404(b)**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, notifies this Honorable Court and counsel for the defendants that it intends to introduce evidence of other crimes, wrongs, or acts the defendants committed, pursuant to Federal Rule of Evidence 404(b).

In compliance with Rule 404(b)(3), the Government offers the following:

1.      Included in discovery are voluminous records of financial transactions, electronic communications, signed agreements, and various other documents that correspond to the defendants' criminal actions with each of the identified victims in this case. Most, if not all of these records, are direct evidence of the crimes charged in the indictment. However, as explained below, the government hereby provides notice that it intends to submit certain evidence that may fall outside of the time period charged in the indictment, though this fact alone does not make such evidence solely admissible under Rule 404(b). The evidence and the bases for admission of the evidence are described in turn.

2.      The government intends to call at least five victims in this case (J.K., D.W., D.D., J.D., and V.L.).[1] Believing their money would be invested in high-return financial products, each of the victims transferred between $200,000 to nearly $4.5 million to the defendants and/or their middlemen. These funds were fraudulently obtained and converted by the defendants. Of these victims, two of them (J.K. and D.W.) sent their funds and communicated with the defendants prior to the time period charged in the indictment (J.K. in November 2018 and D.W. in January and February 2019). The transactions involving the other three victims all occurred during the time period charged in the indictment (June 2019 to May 2024).

3.      While the transactions from J.K. and D.W. occurred prior to June 2019, like the other victims, their money was interconnected with this scheme. For instance, D.D. invested approximately $1 million in June 2019. The defendants' emails with D.D. and the subsequent use of his funds formed the primary bases of the substantive counts charged in the indictment. One of the ways the defendants used D.D.'s money was to pay back J.K. almost immediately following the receipt of the new investment from D.D. This is typical evidence of a Ponzi scheme and is one of the central themes of the government's case—some of the victims are ultimately paid back over time, but the funds used to pay them back come from other victim investors.

4.      Similarly, D.W. sent his funds (approximately $4.5 million in two separate transactions) to the defendants in January and February 2019. Again, while

---

[1] The identities of the victims have been provided in discovery.

this is technically prior to the time charged in the indictment, the same or very similar scheme was used to induce D.W. into investing, and his funds were used by the defendants in similar ways to the other victims. For example, D.W.'s money was filtered through accounts connected to the defendants, and then once in their control it was used to pay off middlemen and personal expenses. In April 2019, a portion of D.W.'s funds were transferred to the same account that was used only two months later to refund J.K. in June 2019 (described above). In other words, regardless of the dates of the initial investments made by each of these victims, they are all interconnected in one ongoing conspiracy, which follows a very similar pattern. Simply put, the defendants' use and movement of J.K. and D.W.'s money, in connection with D.D. and the other victims, is central evidence that completes the story of the government's case.

5.      At trial, the government intends to present summary charts identifying and explaining the web of financial transactions engaged in by the defendants as they obtained and moved the victims' funds. The government will also present electronic (email) and verbal communications between the defendants and victims, along with other records such as falsified contracts used to encourage the victims. Taken together, the government believes all of the evidence is direct evidence of the charged conspiracy and substantive counts, but should the Court find otherwise, the government would submit that the above-described evidence surrounding J.K. and D.W. is either inextricably intertwined or otherwise constitutes Rule 404(b) evidence.

6.      The government submits this evidence would tend to prove motive (to fraudulently obtain funds and to transfer them to other accounts for personal profit and to pay off debt or other finances), intent (to obtain victim funds without intending to invest those funds as promised), plan (to work with each other and with other coconspirators to maintain the scheme), and that each defendant had the means and knowledge to conduct the scheme. Further, such evidence tends to prove there was no mistake because of the ongoing and longstanding nature of the scheme with multiple victims while using the same or similar tactics.

Therefore, the government respectfully submits this notice of intent to present evidence during the trial of this case pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   /s/ Tyrie K. Boyer
Tyrie K. Boyer
Assistant United States Attorney
Florida Bar No.: 0124940
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: tyrie.boyer@usdoj.gov

4

**U.S. v. James Roberts and Gregory Davis      Case No. 8:24-cr-236-VMC-SPF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2026, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Counsel for Defendants

*/s/ Tyrie K. Boyer*
Tyrie K. Boyer
Assistant United States Attorney
Florida Bar No.: 0124940
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: tyrie.boyer@usdoj.gov
